ASHLAND HOSPITAL CORPORA-
TION, dba King's Daughters Medi-
cal Center, Plaintiff–Appellant,

v.

RLI INSURANCE COMPANY,
Defendant–Appellee.

No. 15–5377.

United States Court of Appeals,
Sixth Circuit.

Feb. 29, 2016.

BEFORE: NORRIS, CLAY, and
COOK, Circuit Judges.

## MEMORANDUM OPINION

PER CURIAM.

In July 2011, the United States Depart-
ment of Justice initiated an investigation of
Ashland Hospital Corporation. Ashland
eventually settled with the government,
paying $40.9 million to resolve allegations
that it billed the government for unneces-
sary heart procedures. At the time of the
investigation, Ashland was covered by a
$15 million primary directors and officers
liability insurance policy from another car-
rier and a $10 million excess liability policy
from defendant RLI Insurance Company
for losses in excess of the primary policy
limit.

Both policies were "claims-made" poli-
cies under which coverage is for losses
stemming from claims that arise during
the policy period of October 1, 2010, to
October 1, 2011, regardless of when the
events underlying the claim might have
occurred. This contrasts with an "occur-
rence-based" policy, where coverage is for
losses resulting from events that occur
during the coverage period, even though it
might be long after the policy period be-
fore the events are discovered and the
claim is filed.

Ashland notified the primary policy car-
rier about the investigation on the latest
day permitted under the policy, December
30, 2011, and eventually recovered the $15
million coverage limit under that policy.
Ashland notified RLI about the investiga-
tion on June 29, 2012. RLI denied cover-
age because Ashland failed to satisfy the
excess policy's notice requirements.

Ashland filed suit based on breach of
contract, common law failure to act in good
faith, and statutory failure to act in good
faith in violation of Kentucky Revised Stat-
utes § 304.12–230. Ashland also requested
relief under the Declaratory Judgment
Act, 28 U.S.C. § 2201. The district court
granted summary judgment in favor of
RLI on all claims and refused to grant
declaratory relief.

Ashland concedes that notice was late
but maintains that it was entitled to cover-
age under the RLI policy because RLI did
not show that it was prejudiced by the late
notice. In 1991, the Kentucky Supreme
Court adopted for occurrence-based poli-
cies under certain circumstances what gen-
erally is referred to as the "notice-preju-
dice rule," under which an insurer must
show prejudice before rejecting a claim
due to late notice. See Jones v. Bitumi-
nous Cas. Corp., 821 S.W.2d 798, 803 (Ky.
1991). It has never ruled as to whether
the rule also should apply to claims-made
policies.

We have had an opportunity to review
the record below, the briefs submitted by
the parties, and to hear oral argument.

We agree with the district court's prediction that the Supreme Court of Kentucky would not extend the notice-prejudice rule to a claims-made policy like the excess policy here, which contains unambiguous notice requirements as conditions precedent to collecting under the policy. *See Ashland Hosp. Corp. v. RLI Ins. Co.,* No. 13–143–DLB–EBA, 2015 WL 1223675, at *12 (E.D.Ky. Mar. 17, 2015) ("Kentucky would not apply *Jones* to an excess claims-made policy that requires the insured to provide the insurer with notice of a claim within a definite time both after the claim is reported to the primary insurer and after the policy expires.").

Ashland argues in the alternative that the question should be certified to the Kentucky Supreme Court. "However, such certification is disfavored when it is sought only after the district court has entered an adverse judgment. This court has explained that the appropriate time for a party to seek certification of a state-law issue is before, not after, the district court has resolved the issue." *State Auto Prop. & Cas. Ins. Co. v. Hargis,* 785 F.3d 189, 194 (6th Cir.2015). Because we detect no error in the district court's thorough analysis, neither certification to the Kentucky Supreme Court, nor a reasoned opinion by this court, would serve any useful purpose.

The judgment of the district court is **affirmed.**